# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CAROLYN BROWNING,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12CV00009 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **FEDERAL NATIONAL MORTGAGE** ) | By: James P. Jones |
| **ASSOCIATION, ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Terrence Shea Cook, T. Shea Cook, P.C., Richlands, Virginia, for Plaintiff. Jacob S. Woody, McGuireWoods LLP, Charlottesville, Virginia, for Defendants.*

In this action removed from state court, the plaintiff seeks to have the foreclosure sale of her home set aside and an injunction entered preventing her eviction from the property. The defendants have moved to dismiss for failure to state a claim and in turn the plaintiff has moved to remand the case to state court. For the reasons set forth, I will deny the Motion to Remand and will grant the Motion to Dismiss.

I

The following facts are shown from the Complaint, which, under familiar principles, I will accept for the present purposes.

The plaintiff, Carolyn Browning, purchased her home, located in this judicial district, in 2007. She borrowed money to purchase the property, secured by a Deed of Trust and Note.[1] The Note has a principal amount of $263,250 and requires the plaintiff to make monthly payments.[2] Beginning in January of 2010, the plaintiff "found it increasingly difficult to make her monthly payments relative to the property in a timely manner." (Compl. ¶ 3.) By letter dated July 31, 2010, she was notified by Shapiro & Burson, LLP, counsel for BAC, that her home would be sold at a foreclosure sale on August 24, 2010.

The plaintiff contacted the offices of the attorneys to inquire about her options for delaying the foreclosure sale. During the latter part of August, she initiated a mortgage modification process with assistance from an organization called America Home Relief Foundation, LLC ("America Home"). The Complaint alleges that a series of communications took place between America Home and BAC. On August 23, 2010, mediation took place via conference call between the plaintiff, America Home and BAC. During the mediation, BAC allegedly agreed

---

[1] The mortgagee named as defendant in this case is BAC Home Loan Servicing LP ("BAC"). The defendant avers that in July 2011, BAC was merged into its parent, Bank of America, N.A.

[2] The plaintiff did not attach copies of the Deed of Trust and Note to her Complaint but the defendants have supplied copies to the court. It is permissible here to consider documents that the plaintiff "quoted, relied upon, or incorporated by reference in the complaint." *Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995), *aff'd*, 103 F.3d 351 (4th Cir. 1996).

that the foreclosure sale date, then set for the next day, August 24th, would be postponed.

In spite of this statement, the foreclosure sale did go forward on August 24th and the property was sold to the defendant Federal National Mortgage Association ("Fannie Mae"). The plaintiff, relying upon the representation made by BAC during the mediation call, was not present at the foreclosure sale and did not make any attempt to have the foreclosure sale stopped or "otherwise protect her interests." (*Id.* ¶ 8.) She does not make any specific allegations of how she would have prevented the foreclosure sale other than stating that she did not try to get funds from friends and family. She discovered that property had been sold when she went to the property on August 25th or 26th and found a notification of the sale.

On October 13, 2010, the plaintiff filed suit in state court seeking to have the foreclosure sale set aside. That action, substantially similar to her present case, was removed to this court, but dismissed without prejudice by the plaintiff on September 23, 2011. The action was refiled in state court on January 9, 2012, and again removed to this court. The defendants have now moved to dismiss. In turn,

the plaintiff has filed a Motion to Remand, to which the defendants have responded.[3] The motions are ripe for decision.

II

A

The plaintiff has moved to remand this action to state court. Her motion aserts only that the amount in controversy does not exceed $75,000.[4]

A federal district court has removal jurisdiction in any civil action over which the court has original jurisdiction. 28 U.S.C.A. § 1441(a) (West 2006), *amended by* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, § 103, 125 Stat. 759 (2011). United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C.A. § 1332(a)(1) (West 2006), *amended by* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, § 101, 125 Stat. 758 (2011).

---

[3] The local rules of this court require a response to a motion within 14 days of service, and permit a rebuttal brief within 7 days. W.D. Va. Civ. R. 11(b). The plaintiff has not filed a response as required to the Motion to Dismiss or filed a rebuttal as permitted to the defendants' response to the Motion to Remand.

[4] The plaintiff does not assert that any of the parties are citizens of the same state and the facts support the conclusion that complete diversity of citizenship exists.

-4-

Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *Id.* The defendants must show that the amount in controversy exceeds $75,000. *See Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004).

Where a plaintiff seeks declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The Fourth Circuit has adopted the "either viewpoint" rule, which states that the value is properly judged from the viewpoint of either party. *See JTH Tax., Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). The relevant inquiry is whether "the direct pecuniary value of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 946 (E.D. Va. 2010) (internal quotation marks and citation omitted).

The Complaint alleges that the plaintiff's equity in the property is $200,000. Specifically, the Complaint states that "[t]he Plaintiff has invested approximately $200,000 of her own funds into this residence, which is now lost as a result of her detrimental reliance upon the representations by agents of BAC." (Compl. ¶ 12.)

Thus, the direct pecuniary value of the right the plaintiff seeks to enforce is at least $200,000, because that is how much she will lose if the sale is upheld and she is evicted. The amount in controversy is thus satisfied and this court has diversity subject-matter jurisdiction.

B

When considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court assesses whether the complaint contains sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In her Complaint, the plaintiff requests rescission of the foreclosure sale and an injunction barring her eviction from the property. Although she states that she detrimentally relied upon BAC's representations that the foreclosure sale would be delayed, she does not actually name her cause of action. However, as the defendants argue, the gravamen of the Complaint appears to be a claim of promissory estoppel grounded in detrimental reliance.

Promissory estoppel is not a recognized cause of action in Virginia. *W.J. Schafer Assocs., Inc. v. Cordant, Inc.*, 493 S.E.2d 512, 516 (Va. 1997). When a

cause of action is based upon a party's reliance, to its detriment, upon a misleading promise, it is a cause of action for promissory estoppel and cannot be sustained under Virginia law. *See Nat'l Bank of Fredericksburg v. Va. Farm Bureau Fire & Cas. Ins. Co.*, 606 S.E.2d 832, 834 n.* (Va. 2005) (finding that because the plaintiff's claim was not grounded in detrimental reliance, it was not a claim for promissory estoppel and could proceed). Thus, to the extent the plaintiff's Complaint is based on a claim for promissory estoppel, it must be dismissed.

Further, any contract claim based upon the alleged oral representation fails because it is not enforceable under the statute of frauds. The statute of frauds requires that, to be actionable, promises, contracts or agreements of several types, including those for the sale of real estate or for an agreement to lend money, be in writing and signed by the party to be charged. Va. Code. Ann. §11-2 (2011). Any modification to a contract required to be in writing by the statute of frauds must also be in writing. *See Lindsay v. McEnearney Assocs., Inc.*, 531 S.E.2d 573, 575-76 (Va. 2000).

The Deed of Trust and Note are clearly contracts falling within the statute of frauds. The Deed of Trust provides that in the event of default, "Lender at its option may require immediate payment in full of all sums . . . and may invoke the power of sale." (Defs.' Mot. to Dismiss Ex. D, Deed of Trust ¶ 22.) The alleged oral promise to forbear on the foreclosure sale was a modification of the terms of

the initial contract and is subject to the statue of frauds. *See McFadden v. Fed. Nat'l Mortg. Ass'n*, No. 7:11-cv-335, 2012 WL 37169, at *5 (W.D. Va. Jan. 9, 2012) (finding that alleged oral promise that no foreclosure would occur was a modification to the original loan and unenforceable under the statute of frauds); *see also McInnis v. BAC Home Loan Servicing, LP*, No. 2:11cv468, 2012 WL 383590, at *8 n.5 (E.D. Va. Jan. 13, 2012) (finding that to the extent the plaintiff alleged a verbal contract to permanently modify the home loan, it was barred by the statute of frauds).

The statute of frauds will not defeat the plaintiff's claim if the facts alleged plausibly establish equitable estoppel precluding the defendants from asserting the statute of frauds. To establish equitable estoppel in Virginia, a plaintiff is not required to make a showing of fraud or deceit (i.e. a misrepresentation about a past or current fact), but must show (1) a representation; (2) reliance; (3) a change of position; and (4) detriment. *See Albanese v. WCI Cmtys., Inc.*, 530 F. Supp. 2d 752, 765-66 (E.D. Va. 2007); *see also Nargi v. CaMac Corp.*, 820 F. Supp. 253, 256-57 (W.D. Va. 1992).

The allegations in the Complaint fail to sufficiently allege a change of position or detriment necessary to invoke equitable estoppel. The plaintiff alleges that because of BAC's representations, she did not act to prevent the foreclosure sale and her failure to act caused her detriment because the foreclosure sale was

-8-

Case 1:12-cv-00009-JPJ-PMS   Document 14   Filed 04/05/12   Page 8 of 11   Pageid#: 262

completed. However, she makes no plausible allegations of what actions she would have taken to prevent the foreclosure sale or that such actions would have prevented the foreclosure sale. She makes only a vague reference to seeking funds from third parties or family members but does not allege that such funds actually existed or would have been ready to go to prevent the sale. Thus, she cannot show that had the representation not been made she would be in a different and better position today, i.e., that she would have been able to save her home from foreclosure. *See Newgent v. Wells Fargo Bank, N.A.*, No. 09cv1525, 2010 WL 761236, at *5 (S.D. Cal. Mar. 2, 2010) (holding that the conclusory statement that homeowner justifiably relied upon bank's misrepresentation that foreclosure sale would be delayed is not sufficient, where no facts were alleged showing that she would not have lost her home regardless).

In any event, any such claim for rescission of the foreclosure sale cannot succeed. As noted, the plaintiff was not a party to the foreclosure sale. Rescission of a contract is generally a remedy limited to parties of the contract. *See In re Brannan*, Bankr. No. 06-32392-DOT, 2008 WL 4526217, at *3 (Bankr. E.D. Va. Sept. 30, 2008) (finding that because debtor was not a party to loan transaction, she could not rescind the loan). The plaintiff has not alleged any grounds for rescission, such as fraud or mistake, that directly induced the foreclosure sale

between BAC and Fannie Mae.[5]  *See Runion v. Helvestine*, 501 S.E.2d 411, 416 (Va. 1998) (describing grounds for rescission).  Further, she has not alleged any facts showing that Fannie Mae is anything other than a bona fide purchaser of the property.  *See id.* at 416 (holding that plaintiffs who were not a party to a contract for sale and who did not allege any misconduct on the part of the purchaser were not entitled to rescission); *see also Oberdorfer v. Meyer*, 13 S.E. 756, 757 (Va. 1891) (finding that a vendor, on discovery of fraud, may disaffirm the contract and reclaim the goods provided they have not passed into the hands of a bona fide purchaser).

    Finally, the plaintiff seeks an injunction preventing her eviction from the property.  Under Virginia law, "no prohibitory injunction against an anticipated wrong will issue unless 'there is reasonable cause to believe that the wrong is one that would cause irreparable injury and the wrong is actually threatened or apprehended with reasonable probability."  *Large v. Clinchfield Coal Co.*, 387 S.E.2d 783, 786 (Va. 1990) (quoting *WTAR Radio-TV Corp. v. City Council of Virginia Beach*, 223 S.E.2d 895, 898 (Va. 1976)).  In this case, the plaintiff no longer has any ownership right to the property and the legal process of eviction, therefore, is not a "wrong."  The property was foreclosed upon and sold at a

---

[5]  Even if proof of fraud would be sufficient to set aside a foreclosure sale, the rules require a heightened pleading standard.  Fed. R. Civ. P. 9(b).  As noted, the plaintiff has not adequately alleged any detrimental reliance.

-10-

foreclosure sale. The plaintiff has failed to state any cause of action that would support the issuance of an injunction.

### III

For the reasons stated, I will deny the plaintiff's Motion to Remand and grant the defendants' Motion to Dismiss. A separate Final Order will be entered herewith.

DATED: April 5, 2012

/s/ James P. Jones
United States District Judge