# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CAROLYN BROWNING,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12CV00009 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **FEDERAL NATIONAL MORTGAGE** ) | By: James P. Jones |
| **ASSOCIATION, ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Terrence Shea Cook, T. Shea Cook, P.C., Richlands, Virginia, for Plaintiff. Jacob S. Woody, McGuireWoods LLP, Charlottesville, Virginia, for Defendants.*

The plaintiff's action was previously dismissed for failure to state a claim. She has now filed a motion seeking to amend her Complaint. The plaintiff failed to exercise her right to amend prior to dismissal and has failed to file a motion seeking relief from the judgment prior to filing the instant motion. If, however, the plaintiff files a proposed amended complaint within 14 days showing that leave to amend should be granted pursuant to Rule 15(a), I will treat the motion as one both for relief from judgment and to amend the Complaint and consider it on the merits.

I

The plaintiff, Carolyn Browning, filed suit in state court seeking to have the foreclosure sale of her home set aside. The defendants removed the case to this court and moved to dismiss. On April 5, 2012, this court granted the defendants' Motion to Dismiss and dismissed the action. On April 24, 2012, the plaintiff filed the present Motion to Amend, seeking the court's permission to file "amended pleadings responsive to the deficiencies identified in this Courts [sic] opinion…." (Pl.'s Mot. to Amend.) The plaintiff did not state any further specific grounds for the motion, nor did she submit a proposed amended complaint.

A party seeking to amend a pleading after the court has granted a motion to dismiss with prejudice must first move for relief from judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Laber v. Harvey*, 438 F.3d 404, 427-28 (4th Cir. 2006) ("There is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)."); *see also Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995) (noting that although a plaintiff has a right to amend once as a matter of right, such right is extinguished once final judgment is entered in the case and the plaintiff must file a motion under Rules 59(e) or 60(b) and under Rule 15(a)).

A party seeking relief from judgment must make a strong showing that "a significant change in circumstances warrants revision of the decree." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). The strict standard for relief from judgment must be balanced with the liberal standard accorded to motions to amend pursuant to Rule 15(a). *See Laber*, 438 F.3d at 426. Leave to amend a complaint "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 426-27 (internal quotation marks omitted). The fact that the plaintiff's motion for leave to amend was filed post-judgment is not sufficient to deny the motion. *Id.* at 427.

As it stands, the plaintiff has presented nothing upon which this court can assess whether relief should be granted. It is not possible to determine whether there is any bad faith on the part of the plaintiff, whether the proposed amended complaint would be prejudicial to the defendant or whether it would be futile. *See Id.* at 428-29. The plaintiff's failure to properly present her motion would, on its own, be sufficient grounds for denial of the motion. Fed. R. Civ. P. 7(b)(1)(B) (requiring motion to "state with particularity the grounds for seeking the order"). *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185-86 (10th Cir. 1999) (finding that district court did not err in refusing to consider plaintiff's request to amend where plaintiff failed to file a motion under Rules 59(e) or 60(b)

and failed to provide any grounds for request).  However, taking into account the liberal standard under Rule 15(a) and the importance of determining a case on its merits, I will consider the plaintiff's motion as a Rule 15(a) motion filed in conjunction with a Rule 59(e) motion, if the plaintiff submits a proposed amended complaint.[1]  *See Camp*, 67 F.3d at 1290 (finding that district court retains the discretion to treat a Rule 15(a) motion as one also made under Rules 59 or 60). Upon the filing of the proposed amended complaint, I will assess the merits of the plaintiff's motion.

II

For the reasons stated, the plaintiff must file a proposed amended complaint as an exhibit to the Motion to Amend within 7 days of entry of this Opinion and Order.  If no such proposed amended complaint is so filed, the present Motion to Amend will be denied.  If a proposed amended complaint is timely filed, the defendants may respond to the Motion to Amend within 7 days of service.  The Motion to Amend shall then be deemed submitted for decision.

It is so **ORDERED**.

---

[1] The plaintiff's motion was filed within 28 days after the entry of judgment and would therefore be timely were the court to treat it as a motion to alter or amend the judgment under Rule 59.  Fed. R. Civ. P 59(b).

ENTER: May 8, 2012

/s/  James P. Jones
United States District Judge